IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 23-02072 (ESL) |
| MARIA ELENA ORTIZ CORREA | CHAPTER 13 |
| Debtor | |
| | FILED AND ENTERED 8/7/2024 |

<u>OPINION AND ORDER</u>

This case is before the court upon the *Motion to Dismiss for Bad Faith (Two-party Dispute)* filed by Franklin Credit Management Corporation as servicing agent for Wilmington Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee for Bosco Credit II Series 2017-1 ("Franklin") (dkt. #53)[1] (the "*Motion to Dismiss*"), seeking the dismissal with prejudice of the Debtor's bankruptcy petition for bad faith; the Debtor's *Reply and Opposition to Motion to Dismiss for Alleged Bad Faith Filed by [Franklin] Alleging Two Party Dispute* (dkt. #57) (the "*Opposition*"); and Franklin's *Motion in Compliance with Order to File Proposed Findings of Facts and Conclusions of Law in Connection with Hearing of Motion to Dismiss for Bad Faith (Two-party Dispute)* (dkt. #64) (the "*Proposed Findings of Facts and Conclusions of Law*").

There is also a related adversary proceeding, Adv. Proc. No. 23-00063 (the "Adversary Proceeding"), with various motions pending, including a request for dismissal by Franklin (Adv. Proc. No. 23-00063, dkt. #15), the Debtor's opposition thereto (Adv. Proc. No. 23-00063, dkt. #19), and Franklin's reply (Adv. Proc. No. 23-00063, dkt. #26), and requests for summary judgment by both the Debtor (Adv. Proc. No. 23-00063, dkt. #19) and Franklin (Adv. Proc. No. 23-00063, dkt. #27) with their corresponding oppositions (Adv. Proc. No. 23-00063, dkt. #27, #38).

---

[1] Unless otherwise stated, docket entries shall refer to the main bankruptcy case, Bankr. Case No. 23-2072.

-1-

For the reasons discussed below, the *Motion to Dismiss* is GRANTED, and the main bankruptcy case is dismissed with a twelve (12) month bar to re-file. Consequently, the Adversary Proceeding, Adv. Proc. No. 23-00063, is also dismissed.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Procedural Background

A.     The Main Bankruptcy Case, Bankr. Case No. 23-02072

1.     This is not the Debtor's first bankruptcy case. She has two (2) prior bankruptcy petitions filed in 2011 and 2012 (see, the "First Bankruptcy Case", Bankr. Case No. 11-04551; and the "Second Bankruptcy Case", Bankr. Case No. 12-01990).

2.     The Debtor filed the instant voluntary Chapter 13 petition on July 6, 2023 (dkt. #1) (the "Third Bankruptcy Case").

3.     Debtor filed, and thereafter amended, the required schedules on July 31, 2023 (dkt. #20, #25).

4.     In *Schedule A/B*, the Debtor identified two (2) properties: one located in Urb. Vista al Mar in Cataño, Puerto Rico, which the Debtor owns in its entirety and attributes a value of $90,000.00 (the "Property"); and one in Urb. Sierra Linda in Bayamón, Puerto Rico, which is part of an inheritance, and in which the Debtor has a partial ownership valued at $12,749.00 (the "Inheritance Property") (dkt. #25, p. 2).

5.     In the schedules initially filed, the Debtor did not identify any unsecured creditors and only identified Wilmington Savings Fund Society as a secured creditor (dkt. #20, pp. 14 and 12-13). The Debtor later amended *Schedule D* to include Banco Popular de Puerto Rico ("Banco Popular") as a secured creditor with claim secured by a mortgage over the Inheritance Property of $11,132.55 (dkt. #25, p. 8). The Debtor also amended *Schedule D* as to Wilmington Savings Fund Society's secured claim, disclosing the same as a disputed, noncontingent, liquidated claim

of $167,441.50 with a secured portion of $90,000.00 and an unsecured portion of $77,441.50 (id. at p. 9).[2]

6.      The Debtor did not identify any executory contracts or unexpired leases in *Schedule G* (see, dkt. #20, p. 15).

7.      There are two (2) proofs of claim filed in the Claims Register. The first is a proof of claim filed by Franklin in the secured amount of $167,441.50 corresponding to a mortgage (see, Claims Register, POC #1-1). The second, is a proof of claim filed by Capital One N.A. in the unsecured amount of $437.99 related to a credit card (see, Claims Register, POC #2-1).

8.      The filing deadline for proofs of claims, including that for governmental units, has since expired with no additional filings (see, *Notice of Bankruptcy Case*, dkt. #14).

9.      On August 11, 2023, the Debtor filed an *Objection to Claim Number 1 of Franklin Credit Management Corporation* (dkt. #24) (the "*Objection to Claim*"),[3] alleging that the mortgage over the Property was not recorded and, thus, Franklin's lien is inexistent. The Debtor further argues that Franklin obtained a judgment in its favor in the State Court Foreclosure Case, *infra*, because Franklin and the State Court did not understand the extent of the Debtor's prior discharge and the provisions of the Bankruptcy Code, and that the Debtor received a Notice for

---

[2] The Debtor had previously identified Wilmington Savings Fund Society's claim as a disputed, noncontingent, liquidated claim of $167,441.50 with a secured portion of $80,000.00 and an unsecured portion of $87,441.50 (see, dkt. #20, pp. 12-13).

[3] In the motion, the Debtor included six (6) exhibits, five (5) of which are in Spanish. Theafter, the Debtor provided English translations of the following documents at dkt. #57: Municipal Ordinance #6 Series 2016-2017 dated July 13, 2016, and Karibe printout for property number 981-272-BY04. The Debtor did not provide English translations for the following documents: Homestead Deed dated February 6, 2012, Certification by the Property Registry No. 123-Febrero-2012 dated February 17, 2012, and Karibe printout for property number 368-251-BY04. "It is well settled that the law incontrovertibly demands that federal litigation in Puerto Rico be conducted in English", in accordance with 48 U.S.C. §864. Banco Popular de P.R. v. Santiago-Salicrup, 630 B.R. 374, 378 (D.P.R. 2021), citing Estades-Negroni v. Assocs. Corp. of N. Am., 359 F. 3d 1, 2-3 (1st Cir. 2004). See also 48 U.S.C. §864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."); L. Civ. R. 5(c) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English…"); P.R. LBR 9070-1(c) ("All Exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator."); In re Bernier, 2022 WL 17096264, at *6-7, 2022 Bankr. LEXIS 3283, at *17-18 (Bankr. D.P.R. 2022) (holding that documents not in the English language should not be considered). By not providing the English translations of the aforementioned documents, the Debtor failed to comply with 48 U.S.C. §864, L. Civ. R. 5(c), and P.R. LBR 9070-1(c). This court will only consider the merits of those documents filed in the English language.

Sale of the Property "with the sole purpose of executing an inexistent and unrecordable lien at the time of her discharge in [a prior bankruptcy case] and debt discharged that intends to collect in the instance Bankruptcy case" (dkt. #24, p. 4).[4]

10. On August 14, 2023, the Debtor filed a *Chapter 13 Plan dated July 18, 2023* (dkt. #29) (the "*Chapter 13 Plan*") with a base of $9,612.00, to be paid in thirty-six (36) installments to the Chapter 13 Trustee with an additional $5,000.00 payment to be made "before month 33" "from the results of case at local court" (id., p. 2). The Debtor included a request for valuation of Franklin's claim, identified the secured amount as $0.00 (id., p. 3), and included a note that reads "[i]n regards to [Franklin] the claim has been objected and adversary filed because the Debtor had a previous Order of Discharge of the guarantee that was not registered neither perfected" (id.).

11. On September 1, 2023, Franklin filed an *Objection to Confirmation of Plan dated July 18, 2023, and filed on August 14, 2023* (dkt. #31) arguing that the *Chapter 13 Plan* (dkt. #29) fails to provide for an acceptable treatment for curing the default to Franklin's secured claim and does not meet the requirements of 11 U.S.C. §1325(a)(5)(B)(i)(I)(aa) and (a)(6).

12. On that same date, September 1, 2023, Franklin filed an *Answer to Objection to Claim Number 1* (dkt. #32) arguing that the mortgage deed securing its claim was presented at the Puerto Rico Property Registry (the "Property Registry") on April 4, 2011, and registered on April 3, 2019. Consequently, Franklin argues that it has a perfected lien. In support of its position, Franklin submitted a Title Search and an uncertified print-out of Karibe, the digital platform of the Puerto Rico Real Property Digital Registry ("Registro Inmobiliario Digital de Puerto Rico" in Spanish).[5] Franklin also argues that the Debtor used an improper procedural vehicle to

---

[4] As a matter of background, Franklin filed an *in rem* mortgage foreclosure action against the Debtor before the Puerto Rico Court of First Instance (the "State Court") in civil case no. BY2020CV03174 (the "State Court Foreclosure Case"). On March 23, 2021, the State Court entered a foreclosure judgment against the Debtor in the State Court Foreclosure Case.

[5] Because the Karibe print-out was submitted in Spanish and no certified English translation was provided, Franklin failed to comply with 48 U.S.C. §864, L. Civ. R. 5(c), and P.R. LBR 9070-1(c), and the document will not be considered by this court.

determine the validity, priority, and/or extent of Franklin's claim, which must be pursued and adjudicated by way of an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(2).

13. On September 20, 2023, the court entered an *Order* setting a Pretrial Conference to address the Debtor's *Objection to Claim* and Franklin's response thereto (dkt. #40), but it was later continued without a date pending a decision on the Adversary Proceeding (see, dkt. #49).[6]

14. On December 19, 2023, Franklin filed the *Motion to Dismiss* (dkt. #53), to which the Debtor filed the *Opposition* on January 31, 2024 (dkt. #57).

15. On February 5, 2024, the court entered an *Order* setting an evidentiary hearing to consider the *Motion to Dismiss* and the *Opposition* on May 14, 2024 (dkt. #58). Therein, the court ordered the parties to file proposed findings of fact and conclusions of law seven (7) days prior to the evidentiary hearing. The court advised the parties that it would not hold the evidentiary hearing if they failed to timely submit the proposed findings of fact and conclusions of law. In compliance, Franklin filed the *Proposed Findings of Facts and Conclusions of Law* on May 6, 2024 (dkt. #64) and submitted the related documents on May 7, 2024 (dkt. #66). The Debtor failed to comply with the *Order* dated February 5, 2024 (dkt. #58), and the hearing was vacated and set aside, and the contested matters before the court in the main bankruptcy case were deemed submitted and taken under advisement (dkt. #67).

B. The Adversary Proceeding, Adv. Proc. No. 23-00063

16. On August 11, 2023, the Debtor filed the Adversary Proceeding against Franklin regarding the validity, priority or extent of lien or other interest of Franklin's claim and seeking both a declaratory judgment and injunctive relief (dkt. #23; Adv. Proc. No. 23-00063, dkt. #1). In sum, the Debtor alleges that she is the owner of the Property, that she filed a prior bankruptcy petition in 2012 (Bankr. Case No. 12-01990) in which the court granted her homestead exemption over said Property (Bankr. Case No. 12-01990, dkt. #73) and the Debtor was granted a discharge (Bankr. Case No. 12-01990, dkt. #103). The Debtor alleges that there was an issue with the recordation of the Property (and others in the same residential development or subdivision

---

[6] The procedural background of the Adversary Proceeding is discussed in Section B below.

("urbanización" in Spanish)) because the lot number where it was built was different from the lot number it was registered under in the Property Registry. The forgoing was the object of a class action in which the Debtor was a claimant. As a result of an Ordinance approved by the Municipality of Cataño in 2016, the properties in the residential development – including the Property – were recorded in a new parcel of land, which was different from the original parcel. The Debtor further argues that Franklin knew that the debt on the Property was discharged in the Second Bankruptcy Case "for lack of recording at the time of the [prior] bankruptcy petition" and still filed the State Court Foreclosure Case to execute "an alleged lien that was inexistent at the time of the Debtor's obtaining her discharge" and "collect their debt thru the alleged inexistant and unrecorded guarantee" (Adv. Proc. No. 23-00063, dkt. #1, p. 7, ¶14). The Debtor alleges that Franklin violated the discharge order entered in the Second Bankruptcy Case and has acted in "bad faith, willful intention, and complete temerity" and that she "is suffering distress for the possibility of losing her home and homestead" (id. at pp. 7-8, ¶¶17-18). The Debtor requests an award for compensatory damages in the amount of $150,000.00, plus punitive damages, attorneys' fees, and costs.

17.     On October 10, 2023, Franklin responded to the *Complaint* with a *Motion to Dismiss* for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) (Adv. Proc. No. 23-00063, dkt. #15) (the "*AP Motion to Dismiss*"). Later, on November 20, 2023, the Debtor filed a *Reply and Opposition to Motion to Dismiss and Request for Summary Judgment* (Adv. Proc. No. 23-00063, dkt. #19) ("*Opposition and Motion for Summary Judgment*").[7]

18.     On December 13, 2023, Franklin filed a *Sur-Reply to Plaintiff's Opposition to Motion to Dismiss* (Adv. Proc. No. 23-00063, dkt. #26) (the "*Sur-Reply*") and a *Reply to Plaintiff's Request for Summary Judgment and Request for Judgment in Favor of Defendant*

---

[7] Amongst the exhibits in the *Opposition and Motion for Summary Judgment*, the Debtor included three (3) exhibits in Spanish. The Debtor provided Spanish translations for two (2) of these exhibits – a Karibe printout for property 981-272-BY04 and Municipal Ordinance #6 Series 2016-2017 dated July 13, 2016 – in Adv. Proc. 23-00063, dkt. #38. Because the Debtor did not provide an English translation for the Certification by the Property Registry No. 123-Febrero-2012 dated February 17, 2012, the Debtor failed to comply with 48 U.S.C. §864, L. Civ. R. 5(c), and P.R. LBR 9070-1(c). As previously stated, this court will only consider the merits of those documents filed in the English language.

-6-

(Adv. Proc. No. 23-00063, dkt. #27) (the "*Reply to Motion for Summary Judgment*"). Franklin argues in the *Sur-Reply* that there was no issue as to lack of tract, that the Debtor failed to file an adversary proceeding to void Franklin's lien in the Second Bankruptcy Case and that she was not exempt from filing such adversary proceeding, that Scotiabank Puerto Rico ("Scotiabank") (Franklin's predecessor in interest) presented the mortgage for recordation in the Property Registry before the Debtor filed the Second Bankruptcy Case and, as such, Franklin's security interest was recorded and validly perfected— prior to the filing of Debtor's Second Bankruptcy Case, and that Franklin's *in rem* foreclosure action survived the discharge entered on August 19, 2014, in the Second Bankruptcy Case. Franklin argues in the *Reply to Motion for Summary Judgment* that the Debtor failed to comply with Fed. R. Civ. P. 56(b) because she did not include a statement of uncontested material facts or a memorandum of law with her *Motion for Summary Judgment*, that the facts and conclusions of law are mixed together, and that the Debtor included multiple exhibits in Spanish without certified English translations. Franklin argues that this court should grant summary judgment in Franklin's favor and dismiss the Adversary Proceeding.

19.    The court held a status conference on December 15, 2023, in which neither the Debtor nor her counsel appeared and did not request to be excused (see, Adv. Proc. 23-00063, dkt. #29). There, the court stated the three (3) main challenges that the Debtor faces to prevail in this case: that the Debtor did not file an adversary proceeding in the Second Bankruptcy Case challenging Franklin's lien; that the Second Bankruptcy Case was reopened at Franklin's request and the court granted its motion for reconsideration of the order disallowing the claim filed by Franklin; and that Franklin obtained a final judgment in the State Court Foreclosure Case to foreclose on its lien. The court ordered the Debtor to show cause why sanctions should not be imposed against her for failure to appear at the hearing (id.). On January 2, 2024, the Debtor complied with the court's order and excused her failure to appear at the hearing (Adv. Proc. No. 23-00063, dkt. #32), which the court granted and did not impose sanctions (Adv. Proc. No. 23-00063, dkt. #34).

20. On January 31, 2024, the Debtor filed a *Sur-Reply and Opposition to Defendant Motion Requesting to Grant Summary Judgment to Defendant and Reply to Sur-Reply to Our Plaintiff Opposition to Motion to Dismiss Filed by Defendant* (Adv. Proc. No. 23-00063, dkt. #38) ("*Debtor's Response*"), reiterating her position that Franklin's lien was not pending registration when the Debtor filed the Second Bankruptcy Case, and that the purchase and mortgage deeds had expired and were declared null and void by the Property Registrar at the time the court entered the discharge order in said case. The Debtor submitted as exhibits certified English translations of various documents previously included in Spanish (see, Adv. Proc. No. 23-00063, dkt. #38-1, #38-2, #38-3, #38-4).

21. The court scheduled an evidentiary hearing for May 14, 2024, to consider the *AP Motion to Dismiss*, the *Opposition and Request for Summary Judgment*, Franklin's *Reply*, Franklin's *Reply to the Request for Summary Judgment*, and *Debtor's Response*. The court ordered the parties to submit proposed findings of fact and conclusions of law seven (7) days prior to the hearing and advised them that it will not hold the evidentiary hearing without timely filed proposed findings of facts and conclusions of law (Adv. Proc. No. 23-00063, dkt. #39).

22. On March 27, 2014, the Debtor filed a *Request for Consolidation Pursuant Rule 7042 of the Bankruptcy Rules and Rule 42 of the Federal Rules of Civil Procedure* (Adv. Proc. No. 23-00063, dkt. #41) requesting to consolidate the Adversary Proceeding with Adv. Proc. No. 23-00031, which is related to the instant case because it concerns a property in the same residential development or subdivision as the Property (the "*Request for Consolidation*").[8] Franklin filed an *Opposition to Plaintiff's Request for Consolidation Pursuant to Rule 7042 of the Federal Rules of Civil Procedure* on April 4, 2024 (Adv. Proc. No. 23-00063, dkt. #43) ("*Opposition to Consolidation*").

---

[8] Adv. Proc. No. 23-00031 was filed prior to the filing of the instant adversary proceeding (Adv. Proc. No. 23-00063) and is currently pending before Judge Mildred Cabán Flores. Defendants in Adv. Proc. No. 23-00031 are Banco Popular de Puerto Rico, Velma E. Díaz Carrasquillo, Yanira Millard, and Noreen Wiscovitch Rentas, who is the Chapter 7 Trustee in the main bankruptcy case, Bankr. Case No. 13-10532.

-8-

23. After the deadline for the Debtor to reply to the *Opposition to Consolidation* lapsed without the Debtor filing a reply, Franklin filed a *Motion Requesting Entry of Order Denying Plaintiff's Motion to Consolidate* (Adv. Proc. No. 23-00063, dkt. #44), which is *sub judice*.

24. On May 7, 2024, Franklin filed a *Motion in Compliance with Court Order to Submit Franklin's Proposed Statements of Fact and Conclusions of Law* (Adv. Proc. No. 23-00063, dkt. #45) with proposed findings of fact referencing supporting documents, and its proposed conclusions of law supporting its position.

25. Upon the Debtor's failure to comply with the court's *Order* at docket number 39, on May 8, 2024, the court issued an *Order Vacating Hearing* vacating and setting aside the evidentiary hearing scheduled for May 14, 2024, providing that the contested matters before the court are deemed submitted and taken under advisement and establishing that no further pleadings will be allowed (Adv. Proc. No. 23-00063, dkt. #46).

26. On May 14, 2024, the Debtor filed a *Motion for Reconsideration of Order* (Adv. Proc. No. 23-00063, dkt. #48), a *Motion in Compliance of Order of Plaintiff Proposed Statement of Facts and Conclusions of Law* with multiple exhibits (Adv. Proc. No. 23-00063, dkt. #49), and an *Objection to [Franklin's] Opposition to Consolidation* (Adv. Proc. No. 23-00063, dkt. #50), arguing that the facts and the issues in the adversary proceedings are the same and, thus, they involve common questions of law and fact.

27. On May 24, 2024, Franklin filed an *Opposition to Debtor's Motion Requesting Reconsideration of Order* (Adv. Proc. No. 23-00063, dkt. #51), arguing that the Debtor's *Motion for Reconsideration* does not include allegations to support a request for reconsideration under Fed. R. Civ. P. 59 or 60, to the effect that the court committed a manifest error of law or related to the existence of newly discovered evidence. Franklin also argues that the *Motion for Reconsideration* is untimely, that this is not the first time that the Debtor has failed to comply with a court order, and that the Debtor is attempting to stall the proceedings from moving forward.

<u>Issues</u>

The issues before the court are whether there is cause to dismiss pursuant to 11 U.S.C. §1307 for bad faith and because the case constitutes a two-party dispute wherein the doctrine *res judicata* is applicable in light of this court's determination in the Second Bankruptcy Case and the State Court Foreclosure Case.

<u>Position of the Parties</u>

A.   <u>Franklin's Position</u>

In the *Motion to Dismiss*, Franklin argues the Debtor filed the Third Bankruptcy Case in bad faith as this is a two-party dispute between the Debtor and Franklin because the Debtor has sufficient liquid assets to pay Capitol One, N.A.'s unsecured claim in the amount of $437.99 in full, and Franklin is the only other pending creditor.

Franklin further argues that, in the Second Bankruptcy Case, the court did not discharge Franklin's *in rem* mortgage foreclosure cause of action, which was later adjudicated in the State Court Foreclosure Case through a foreclosure judgment against the Debtor notified to the parties on March 23, 2021. Franklin argues that both the Second Bankruptcy Case and the foreclosure judgment in the State Court Foreclosure Case constitute *res judicata* and contends that the Debtor is trying to relitigate issues that have already been adjudicated.

B.   <u>Debtor's Position</u>

In the *Opposition*, the Debtor argues that there is no two-party dispute, and that Franklin cannot collect the debt because it "was previously discharged in case no. 12-01990" (dkt. #57, ¶9) or enforce the foreclosure judgment over the Property because the mortgage was not pending recordation when the Second Bankruptcy Case was filed. Thus, Franklin lacks standing as a creditor in this case.

<u>Uncontested Material Facts</u>

After reviewing the record and Franklin's *Proposed Findings of Facts and Conclusions of Law* (dkt. #64), the court finds that the following material facts are uncontested:

A. The First and Second Bankruptcy Case, and the State Court Foreclosure Case

1. This is not the Debtor's first bankruptcy case as she has filed two (2) prior bankruptcy petitions (see, Bankr. Case No. 11-04551, dkt. #1, and Bankr. Case No. 12-01990, dkt. #1; see also, dkt. 57, ¶3, dkt. #64, Proposed Finding of Fact #2).

2. The Debtor's First Bankruptcy Case was filed under Chapter 13 on May 31, 2011, and voluntarily dismissed on March 5, 2012 (see, Bankr. Case No. 11-04551, dkt. #19, #20). A confirmation order had previously been entered (id., at dkt. #15).

3. The Debtor's Second Bankruptcy Case was filed under Chapter 13 on March 16, 2012 (see, Bankr. Case No. 12-01990, dkt. #1).

4. On April 3, 2012, Scotiabank, Franklin's predecessor in interest, filed a proof of claim in the secured amount of $90,302.08 corresponding to a mortgage secured by the Property (see, Bankr. Case No. 12-01990, Claims Register, POC #1-1).

5. On April 16,2012, the Chapter 13 Trustee filed an *Objection to Claim #01-1 filed by Scotiabank de Puerto Rico*, alleging that "no evidence of perfection of claimed security interest was filed with the proof of claim" as required in Fed. R. Bankr. P. 3001 (see, Bankr. Case No. 12-01990, dkt. #20).

6. On May 3, 2012, Scotiabank filed a response to the objection to claim (see, Bankr. Case No. 12-01990, dkt. #23).

7. On May 9, 2012, the court entered an *Order* denying the Chapter 13 Trustee's objection stating that "[t]he supporting documents to the proof of claim show that the mortgage deed was presented before the Registry of Property" (Bankr. Case No. 12-01990, dkts. #31).

8. On June 22, 2012, the Debtor filed an *Objection to Claim No. 1 filed by Scotiabank de Puerto Rico*, alleging that certain deeds, including the mortgage deed, had been withdrawn from the Property Registry and submitting a partial certification therefrom (Bankr. Case No. 12-01990, dkt. #37).

9. On June 22, 2012, the Chapter 13 Trustee filed a *Motion for Reconsideration of Order Entered on May 9, 2012*, requesting reconsideration of the order denying their objection to

Scotiabank's claim on the same grounds stated in Debtor's objection to claim (see, Bankr. Case No. 12-01990, dkt. #39).

10. On July 19, 2012, Scotiabank filed a *Response to "Motion for Reconsideration of Order Entered on May 9, 2012"* (see, Bankr. Case No. 12-01990, dkt. #43).

11. On November 28, 2012, the court held a hearing on confirmation in which it granted the Debtor's objection to Scotiabank's claim and determined that Scotiabank had an unsecured claim based on a partial certification submitted by the Debtor to the court (see, *Minute Entry*, Bankr. Case No. 12-01990, dkt. #67).

12. After various procedural events, on May 7, 2014, the Debtor filed a *Notice of Conversion to Chapter 7* (Bankr. Case No. 12-01990, dkt. #86).

13. On May 8, 2014, the Second Bankruptcy Case was converted from Chapter 13 to Chapter 7 (Bankr. Case No. 12-01990, dkt. #88).

14. On June 17, 2014, the Chapter 7 Trustee filed a *Notice of Abandonment of Property and Request for Clerk to Notice* abandoning the Property (Bankr. Case No. 12-01990, dkt. #95), and a *Report of No Distribution* (Bankr. Case No. 12-01990, dkt. #96, #97).

15. On August 19, 2014, the Debtor received a discharge under 11 U.S.C. §727 (Bankr. Case No. 12-01990, dkt. #103) and the estate was closed (Bankr. Case No. 12-01990, dkt. #104).

16. On November 21, 2016, Scotiabank filed a *Motion to Reopen Case and for Reconsideration of the Disallowance of Proof of Claim No. 1 under Section 502(j) of the Bankruptcy Code* (Bankr. Case No. 12-01990, dkt. #110) (the "*Motion to Reopen and for Reconsideration*") arguing, *inter alia*, that the Debtor misrepresented Scotiabank's security interest to the court and requesting that the court allow its claim as secured under Section 502(j) of the Bankruptcy Code.

17. Although the Debtor requested, and was granted, an extension of time to respond (Bankr. Case No. 12-01990, dkt. #112, #113), the extended deadline lapsed and Scotiabank's *Motion to Reopen and for Reconsideration* went unopposed.

18.     Consequently, on February 2, 2017, the court entered an *Order* granting Scotiabank's request to reopen the Second Bankruptcy Case (Bankr. Case No. 12-01990, dkt. #116) and an *Order* granting Scotiabank's request for an entry of order granting the *Motion to Reopen and for Reconsideration* as unopposed (Bankr. Case No. 12-01990, dkt. #117).

19.     On March 10, 2017, the Second Bankruptcy Case was again closed (see, Bankr. Case No. 12-01990).

20.     On October 12, 2020, Franklin filed the State Court Foreclosure Case and therafter obtained an *in rem* foreclosure judgment against the Debtor in Civil Case No. BY2020CV03174, before the Court of First Instance of the Commonwealth of Puerto Rico, Bayamón Superior Court.[9]

21.     An *in rem* foreclosure judgment was entered by the State Court on February 19, 2021, and was notified to the parties on March 23, 2021 (see, Adv. Proc. No. 23-00063, dkt. #45-4, p. 5).

22.      The *in rem* foreclosure judgment was affirmed by the Puerto Rico Court of Appeals on November 5, 2021, in Case No. KLAN202100576 (see, Adv. Proc. No. 23-00063, dkt. #45-4, p. 5).

23.     On February 8, 2023, the State Court entered an *Order to Enforce Judgment and Sale of Assets* ordering the sale of the Property at public auction (see, Adv. Proc. No. 23-00063, dkt. #45-4, pp. 5-6).

24.     On April 19, 2023, the Debtor filed an *Urgent Motion for Reopening of the Instance[sic] Bankruptcy Cae[sic] Pursuant to 11 USC §350 of the Bankruptcy Code Due to Violation of Order of Discharge and Pursuant to Bankruptcy Rule 5010* in the Second Bankruptcy

---

[9] The extent to which a court may consider extrinsic evidence outside the four corners of the complaint depends upon whether that record, or the facts within it, are susceptible to judicial notice under Fed. R. Evid. 201. See Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citations omitted) ("Under certain 'narrow exceptions,' some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment. These exceptions include 'documents the authenticity of which are not disputed by the parties; ... official public records; ... documents central to plaintiffs' claim; [and] ... documents sufficiently referred to in the complaint.'"). The docket of the State Court Foreclosure Case and the Order to Enforce Judgment and Sale of Assets included by Franklin as exhibits to its *Motion in Compliance with Court Order to Submit Franklin's Proposed Statements of Fact and Conclusions of Law in the related adversary proceeding* (Adv. Proc. No. 23-00063, dkt. #45-4) fit into these enumerated categories. The court takes judicial notice thereof under Fed. R. Evid. 201.

-13-

Case (the *Emergency Motion to Reopen Chapter 7 Case*") (Bankr. Case No. 12-01990, dkt. #121) stating, *inter alia*, that Scotiabank "willfully and intentionally, obtained a judgment in their favor" in the State Court notwithstanding Debtor's discharge (id.).

25. On that same date, April 19, 2023, the Debtor filed an adversary proceeding against Franklin and others seeking injunctive relief (Bankr. Case No. 12-01990, dkt. #123; Adv. Proc. No. 23-00029, dkt. #1).

26. On April 20, 2023, the court denied the Debtor's *Emergency Motion to Reopen Chapter 7 Case* (Bankr. Case No. 12-01990, dkt. #124), stating that the Second Bankruptcy Case was opened and the *Motion to Reopen and for Reconsideration* of the disallowance of Scotiabank's claim was granted as unopposed.

27. Adversary proceeding Adv. Proc. No. 23-00029 was closed on May 8, 2023 (see, Adv. Proc. No. 23-00029).

B.    The Third Bankruptcy Case

28. The Debtor filed the instant voluntary Chapter 13 petition on July 6, 2023 (dkt. #1; see also, dkt. #53, ¶1; dkt. #64, Proposed Finding of Fact #1).

29. The Debtor filed the required schedules on July 31, 2023 (dkt. #20).

30. In *Schedule A/B*, the Debtor identified two (2) properties: one located in Urb. Vista al Mar in Cataño, Puerto Rico, which the Debtor owns and has a value of $90,000.00; and one in Urb. Sierra Linda in Bayamón, Puerto Rico, which is part of an inheritance and in which the Debtor has a partial ownership for a value of $12,749.00 (dkt. #25, p. 2; see also, dkt. #64, Proposed Finding of Fact #8 and #11).

31. The Debtor represented that the Inheritance Property is expected to be sold and that there is an "option to contract" (dkt. #30, p. 3).

32. In the schedules initially filed, the Debtor did not identify any unsecured creditors and only identified Wilmington Savings Fund Society as a secured creditor (see, dkt. #20, p. 14 and 12-13).

-14-

33. The Debtor later amended *Schedule D* to include Banco Popular as a secured creditor with a mortgage on the Inheritance Property for $11,132.55 with a collateral of $12,749.00 (dkt. #25, p. 8).

34. The Debtor also amended the information provided as to Wilmington Savings Fund Society's secured claim as a disputed, noncontingent, liquidated claim of $167,441.50 with a secured portion of $90,000.00 and an unsecured portion of $77,441.50 (id. at p. 9).

35. The Debtor had previously identified Wilmington Savings Fund Society's claim as a disputed, noncontingent, liquidated claim of $167,441.50 with a secured portion of $80,000.00 and an unsecured portion of $87,441.50 (dkt. #20, pp. 12-13).

36. The Debtor did not identify any executory contracts or unexpired leases in *Schedule G* (see, dkt. #20, p. 15).

37. There are two (2) proofs of claim filed in the Claims Register of the Third Bankruptcy Case (see, Claims Register; dkt. #64, Proposed Finding of Fact #7): POC #1 filed by Franklin for the secured amount of $167,441.50 corresponding to a mortgage secured by the Property (Claims Register, POC #1-1); and POC #2 filed by Capital One N.A. for an unsecured claim of $437.99 related to a credit card (Claims Register, POC #2-1).

38. The filing deadline for proof of claims, including that for governmental units, has since expired with no additional filings (see, *Notice of Bankruptcy Case*, dkt. #14).

39. Per *Schedule I*, the Debtor is currently employed as a Store Attendant for the Municipality of Bayamón and receives Social Security benefits as well as benefits from the Nutrition Assistance Program ("PAN" for its Spanish acronym) and help from her daughter (dkt. #25, pp. 12-13; dkt. #64, Proposed Finding of Fact #9).

40. Per *Schedule J*, the Debtor's monthly disposable income is $267.86 (dkt. #25, p. 15).

-15-

<u>Applicable Law and Analysis</u>

*(A)     Dismissal under Section 1307 of the Bankruptcy Code, 11 U.S.C. §1307*

"Section 1307 governs dismissal of a chapter 13 case." <u>Benoit v. Deutsche Bank Nat'l Trust Co. (In re Benoit)</u>, 564 B.R. 799, 805 (1st Cir. B.A.P. 2017), quoting <u>In re Baril</u>, No. 09-20112, 2015 WL 1636442, at *2 (Bankr. D. Me. 2015). "Section 1307(c) provides that, 'on request of a party in interest or the United States trustee and after notice and a hearing,' the court, 'for cause,' may dismiss a case under chapter 13 or convert the case to chapter 7, 'whichever is in the best interests of creditors and the estate.'" <u>In re Acevedo</u>, 2014 WL 1664255, at *3 (Bankr. D. Mass. 2014) (quoting 11 U.S.C. §1307(c)). The moving party under §1307(c) bears the burden of proof. <u>See,</u> <u>In re Stevenson</u>, 583 B.R. 573, 579 (1st Cir. B.A.P. 2018), citing <u>Zizza v. Pappalardo (In re Zizza)</u>, 500 B.R. 288, 292 (1st Cir. B.A.P. 2013) (citation omitted). Dismissal under §1307(c) is committed to the bankruptcy court's discretion. <u>See In re Benoit</u>, 564 B.R. at 805, citing <u>Howard v. Lexington Invs., Inc.</u>, 284 F.3d 320, 322-323 (1st Cir. 2002).

"Cause for dismissal is not specifically defined in [Section] 1307, but subsection (c) sets forth [a] non-exclusive list of eleven examples of cause". <u>In re Stevenson</u>, 583 B.R. at 579, quoting <u>In re Acevedo</u>, 2014 WL 1664255, at *3 (citing 11 U.S.C. §1307(c)) (citations omitted). <u>See, also, Marrama v. Citizens Bank of Mass.</u>, 549 U.S. 365, 373 (2007) (stating that §1307(c) "includes a nonexclusive list of [ ] causes justifying" dismissal or conversion of a chapter 13 proceeding). Although bad faith is not specifically listed as a ground for dismissal, the United States Supreme Court has recognized that bad faith may constitute cause for dismissal or conversion. <u>See, Marrama</u>, 549 U.S. at 379. Similarly, the United States Bankruptcy Appellate Panel for the First Circuit has observed "it is well established that lack of good faith (or bad faith) is 'cause' for dismissal or conversion of a Chapter 13 case under §1307(c)." <u>Sullivan v. Solimini (In re Sullivan)</u>, 326 B.R. 204, 211 (1st Cir. B.A.P. 2005), citing <u>In re Cabral</u>, 285 B.R. 563, 573 (1st Cir. B.A.P. 2002). "The determination of whether the movant has established *prima facie* that there is a lack of good faith (or bad faith) in the filing of a bankruptcy petition is a fact intensive inquiry in which the court analyzes the totality of the circumstances." <u>In re Lopez Llanos</u>, 578

B.R. 700, 707 (Bankr. D.P.R. 2017), quoting In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D.P.R. 2012).

"Bankruptcy courts generally consider the following factors in analyzing the totality of the circumstances test to determine whether a Chapter 13 petition has been filed in bad faith: (1) the Debtor's accuracy in stating her debts and expenses; (2) the Debtor's honesty in the bankruptcy process, including whether [she] has attempted to mislead the court and whether [she] has made any misrepresentations; (3) whether the Bankruptcy Code is being unfairly manipulated; (4) the type of debt sought to be discharged; (5) whether the debt would be dischargeable in a Chapter 7; (6) the Debtor's motivation and sincerity in seeking Chapter 13 relief; (7) the Debtor's history of filings and dismissals; and (8) whether egregious behavior is present." In re Lopez Llanos, 578 B.R. at 707, citing In re Cabral, 285 B.R. at 573. A finding of bad faith does not require fraudulent intent by the Debtor. See, In re Fleury, 294 B.R. 1, 6 (Bankr. D. Mass. 2003).

Courts also routinely find Chapter 13 petitions to be in bad faith where the bankruptcy case involves the resolution of a two-party dispute. See, e.g., In re Shead, 2008 WL 1995373, at *3 (S.D. Tex. 2008) ("Bankruptcy law is not implicated in a two-party dispute…"); In re Fonke, 310 B.R. 809, 817 (Bankr. S.D. Tex. 2004) ("Courts have found a chapter 13 to be in bad faith where the Debtor's reorganization essentially involves the resolution of a two-party dispute"), citing In re Plagakis, 2004 WL 203090 (E.D.N.Y. 2004), In re Virden, 279 B.R. 401 (Bankr. D. Mass. 2002), and In re Petersen, 228 B.R. 19 (Bankr. M.D. Fla. 1998); In re Starmark Clinics, LP, 388 B.R. 729, 736 (Bankr. S.D. Tex. 2008) (noting that the court "had generally found cause to dismiss cases in which it appeared that the Debtor was attempting to use the provisions of the Bankruptcy Code to gain an unfair advantage in a two party dispute"); In re Anderson Oaks (Phase I) Ltd. P'ship, 77 B.R. 108, 112 (Bankr. W.D. Tex. 1987) ("Two-party disputes such as this simply have no place in bankruptcy"), citing In re Landmark Cap. Co., 27 B.R. 273, 281 (Bankr. D. Ariz. 1983), In re Gilbert Broad. Corp., 54 B.R. 2, 4 (Bankr. D.N.J. 1984), In re Volpe, 53 B.R. 46, 48 (Bankr. M.D. Fla. 1985); In re Turner, 2022 WL 3363687, *3 (Bankr. W.D. Tex. 2022) (finding a two-party dispute where debtor had additional post-petition claims or claims for lesser

"insignificant" amounts than that of UBS (a pre-petition creditor), and where the filing of the debtor's bankruptcy petition did not serve a legitimate reorganizational purpose and instead appeared to be intended to frustrate UBS's attempt to litigate its alleged claim against the debtor).

*(B)     The Doctrine of Res Judicata*

"The doctrine of *res judicata* bars parties from litigating or re-litigating any issue or claim that has already been adjudicated in a prior case". In re Garcia, 340 B.R. 680, 686 (Bankr. D.P.R. 2006), citing Suarez Cestero v. Pagan Rosa, 198 F.Supp.2d 73, 84 (D.P.R. 2002); Del Carmen Tirado v. Department of Education, 296 F.Supp.2d 127, 130 (D.P.R. 2003). The doctrine of *res judicata* serves the important purpose of preventing "the waste of judicial and party resources through vexatious and multiple lawsuits and encourage[s] the rendering of consistent, reliable adjudications." In re Garcia, 340 B.R. at 686, quoting Esteves v. Ortiz Alvarez, 678 F.Supp. 963, 965 (D.P.R. 1988). The application of the doctrine of *res judicata* precludes issues that were actually litigated and adjudicated, as well as those which could have been litigated and adjudicated in a previous suit. See, Del Carmen Tirado, 296 F.Supp.2d at 130.

The United States Court of Appeals for the First Circuit has explained that a party asserting a *res judicata* defense under Puerto Rico law must establish the following three (3) elements: (i) the existence of a prior judgment on the merits that is final and unappealable; (ii) a perfect identity of thing or cause between both actions and (iii) a perfect identity of the parties and the capacities in which they acted. See, Boateng v. InterAmerican University, Inc., 210 F.3d 56 (1st Cir. 2000).

*(C)     Discussion*

In the instant case, Franklin argues that the Debtor filed this Third Bankruptcy Case in bad faith, which constitutes cause to dismiss the case under §1307. Franklin lays out several grounds to support its contention, including that the Property has no equity and is burdensome to the estate because Franklin's security interest is for the aggregate amount of $167,441.50 while its market value, as disclosed by the Debtor in *Schedule A/B*, is $90,000.00; and there are only two (2) claims filed in the Claims Register of the Third Bankruptcy Case: Franklin's secured

claim in the amount of $161,441.67 (Claims Register, POC #1), and an unsecured claim by Capital One N.A. in the amount of $437.99 (Claims Register, POC #2). Franklin argues that, per the information provided by the Debtor in the *Schedules*, the Debtor has sufficient funds to pay Capital One N.A.'s unsecured claim and, thus, this is a rehash of an ongoing two-party dispute between the Debtor and Franklin that was resolved by the State Court in the State Foreclosure Case.

The Debtor argues that there no is two-party dispute "because Franklin [ ] is impelled to be a creditor in the instance [sic] case" (dkt. #57, ¶6), and because "Franklin not only cannot collect the debt because [it] was previously discharged [ ], but also it cannot enforce the foreclosure of the [Property] because their alleged mortgage [ ] was not pending of recording, was re-filed in other (sic) land in 2020, therefore, Franklin lacks standing as a creditor in this case" (dkt. #57, ¶9). The Debtor did not address or rebut Franklin's arguments that there is only one other proof of claim filed, which is both unsecured and for substantially less than Franklin's secured claim. Instead, the Debtor recognized that there is another "valid creditor with the appropriate standing in this case" when referring to Capital One, N.A. (dkt. #57, ¶10).

The court notes that there is only one filed claim in addition to Franklin's POC #1 in the Claims Register: an unsecured claim of $437.99 by Capital One N.A. (Claims Register, POC #2-1), which is for an insignificant amount in comparison to that of Franklin. The court further notes that while the Debtor discloses a secured claim by Banco Popular in the amount of $11,132.55, such claim is secured by the Inheritance Property, which has a purported value of $12,749.00 (see, *Schedule D*, dkt. #25, p. 8) and is expected to be sold as per an "option to contract" (see, dkt. #30, p. 3).

In addition, it appears that the filing of this petition is intended to frustrate Franklin's attempt to enforce the judgment in its favor from the State Court Foreclosure Case. Following the issuance of the Order to Enforce Judgment and Sale of Assets by the State Court on February 8, 2023, the Debtor filed a motion to reopen the Second Bankruptcy Case on April 19, 2023, and filed an adversary proceeding against Franklin (Bankr. Case No. 12-01990, dkt. #123; Adv. Proc.

No. 23-00029, dkt. #1). After such request was denied by the court (Bankr. Case No. 12-01990, dkt. #123), the Debtor filed the instant Third Bankruptcy Case and the Adversary Proceeding against Franklin. Notably, both the Adversary Proceeding and Debtor's *Opposition* to the *Motion to Dismiss* are centered on issues that were addressed in the State Court Foreclosure Case.

Franklin avers that the Debtor is trying to relitigate issues – namely, the validity, priority or extent of Franklin's claim – that have already been resolved in prior bankruptcy petitions and/or in the State Court Foreclosure Case (see, dkt. #53, ¶14). Specifically, Franklin argues that the cause of action upon which the Debtor rests her case to challenge the validity, priority or extent of Franklin's lien was adjudicated in the Second Bankruptcy Case "at docket entries number 117, 115, and 110" (dkt. #53, ¶12). Franklin further argues that, as a secured creditor, its *in rem* mortgage foreclosure cause of action was not discharged by the discharge order entered on August 19, 2014 (Bankr. Case No. 12-01990, dkt. #103). The Debtor, in turn, argues that the judgment in the State Court Foreclosure Case "is null and void because [it] is against the injunctive protection that grants the Bankruptcy Discharge in Chapter 7, not a valid 'in rem' foreclosure judgment" (dkt. #57, ¶8). The Debtor further argues that the court cannot grant a preclusive effect to the judgment in the State Court Foreclosure Case because it is null and void, and because "*In Re Ditech Holdging [sic] Corp.[]*, 2022 Bankr. LEXIS 3630[,] 2022 [WL]19905335 (Bankr. S.D.N.Y. 2022) requirements and other case cited do not apply" (dkt. #57, ¶13) (boldface omitted) without further discussion on this conclusory statement.

The court finds that this Third Bankruptcy Case contains all three (3) *res judicata* elements. First, there is a judgment in the State Court Foreclosure Case that is final and unappealable (see, Adv. Proc. No. 23-00063, dkt. #45-4, p. 5). It is an uncontested fact that the State Court entered a judgment in the State Court Foreclosure Case on February 19, 2021 (notified to the parties on March 23, 2021), that was confirmed by the Puerto Rico Court of Appeals on November 5, 2021, and that the Supreme Court of Puerto Rico denied the Debtor's writ of *certiorari* on May 13, 2022. Second, there is identity of cause between the State Court Foreclosure Case and the instant bankruptcy case and the Adversary Proceeding. " 'Cause' refers to the

-20-

principal basis, main ground or origin of the action or exceptions raised and decided". In re Garcia, 340 B.R. at 687, citing Boateng, 210 F.3d at 61, and Esteves, 678 F.Supp. at 965. The State Court Foreclosure Case concerns the *in rem* foreclosure of the mortgage over the Property, mortgage which is the object of Franklin's claim (as filed in both the Second and Third Bankruptcy Case) and the Debtor's objection to Scotiabank's claim in the Second Bankruptcy Case (now Franklin's), and its validity is the object of Adv. Proc. No. 23-00063. Third, there is identity of persons as the parties in the State Court Foreclosure Case were Franklin as plaintiff and the Debtor as defendant, and they are both parties in this bankruptcy case and in the Adversary Proceeding.

Based on the above, the court agrees with Franklin, finds that the elements necessary to apply the doctrine of *res judicata* are present herein, and concludes that this is a two-party dispute between the Debtor and Franklin and that the Third Bankruptcy Case appears to have been filed in bad faith to thwart Franklin's efforts to enforce the judgment its favor. Thus, dismissal of the instant Third Bankruptcy Case is warranted. The State Court Foreclosure Case dealt with the *in rem* foreclosure of the mortgage over the Property, and the State Court ordered the sale of the Property by public auction. Notwithstanding, the Debtor is using the Third Bankruptcy Case and the Adversary Proceeding to once more question the validity of Franklin's lien over the Property and of the judgment issued in the State Court Foreclosure Case. This court will not address the Debtor's arguments on these matters as there both a prior determination in the Second Bankruptcy Case as to the secured status of Franklin's claim and a prior State Court judgment as to the enforcement of Franklin's lien. If Debtor believes that such judgment is null and void as argued in the *Opposition*, she had to her avail various remedies to seek review thereof. However, having determined that the doctrine of *res judicata* is applicable, the bankruptcy court is not the proper venue for this controversy.

Lastly, Franklin summarized the statutory provisions and case law that provides for dismissal with prejudice (see, dkt. #53, ¶¶28-32). Franklin further requested that the case be dismissed with a bar to re-file for eighteen (18) months (see, dkt. #53, p. 9). The Debtor did not include any arguments in response to Franklin's request for dismissal with a bar to re-file in the

*Opposition*. This court has declared its authority to sanction serial or bad faith filers by baring future filings for reasons and longer periods of time other than those specified by 11 U.S.C. § 109(g), from either 11 U.S.C. § 105(a), 11 U.S.C. § 349(a), or both. In Re Llanos, 578 B.R. 700, 711 (Bankr. D.P.R. 2017). Section 349(a) of the Bankruptcy Code provides that, "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title". 11 U.S.C. §349(a). As such, Section 349(a) "expressly confers bankruptcy courts the authority and discretion to make exceptions to the general rule that the dismissal of a case is without prejudice to the filing of a subsequent petition". In re Ortiz Jimenez, 2019 WL 2369510, at *3 (Bankr. D.P.R. 2019). "Dismissals with prejudice are [ ] generally reserved for extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith." Id., quoting In re Hall, 304 F.3d 743, 746 (7th Cir. 2002). A determination of bad faith may be "cause" for a dismissal with prejudice under § 349(a). In re Ortiz Jimenez, 2019 WL 2369510, at *3, citing Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999).

The court finds that the uncontested facts of the case and the following factors add up in considering a bar to re-file in the instant case: (1) the Debtor's multiple bankruptcy petitions and the fact that the validity of Franklin's lien was already addressed in the Second Bankruptcy Case; (2) the Debtor's attempt to open the Second Bankruptcy Case to file an adversary proceeding against Franklin shortly before filing the Third Bankruptcy Case; (3) the fact that there is a judgment in the State Court Foreclosure Claim in Franklin's favor; and (4) the fact that it is clear from the record that the Debtor's intention behind the Third Bankruptcy Case is to avoid Franklin's efforts to enforce the judgment it obtained in its favor in the State Court Foreclosure Case. The Debtor's conduct qualifies as the conspicuous behavior that warrants a dismissal with

prejudice. Thus, the court dismisses the Third Bankruptcy Case with a twelve (12) month bar to re-file.

Conclusion

This bankruptcy case warrants dismissal as it is a two-party dispute between the Debtor and Franklin that was presented to avoid Franklin's efforts to enforce the judgment it obtained in its favor in the State Court Foreclosure Case. Because the Debtor's other creditors are either oversecured (as in Banco Popular's case) or are owed insignificant amounts in comparison to Franklin's claim (as in Capital One N.A.'s case), the court does not believe that this bankruptcy case serves a legitimate reorganizational purpose. In addition, and despite the Debtor's efforts to bring the dispute within the jurisdiction of this court, the bankruptcy court is barred by the doctrine of *res judicata* from addressing issues related to the validity of Franklin's lien and the foreclosure of the Property since these have been previously adjudicated.

For these reasons, the *Motion to Dismiss* (dkt. #53) is hereby GRANTED, and the Third Bankruptcy Case is dismissed under §1307(c) with a twelve (12) month bar to re-file. The Clerk shall dismiss and close any contested matter or adversary proceeding related to the instant case, including Adv. Proc. No. 23-00063.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of August 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge